# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

SAIM SARWAR,

        Plaintiff,                                Case No.: 3:20-cv-00210-SLH

v.

DELORES & WILLIAM BEIDMAN,
                Defendants.

_____

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. SECTION 1927 AND INHERENT POWERS**

Plaintiff Deborah Laufer, by and through undersigned counsel, hereby files the instant

Motion For Sanctions against both Defendant Hotels and Stuff, Inc., and its attorney, John Allen

Roth pursuant to the inherent powers of this Panel and 28 U.S.C. Section 1927.

## MEMORANDUM

**I.      Defendant Hotel's And Stuff And Attorney Roth Commenced These Consolidation Proceedings Vexatiously And Frivolously**

For the reasons set forth in Plaintiff's Opposition To Defendant's Motion To Consolidate,

Hotel and Stuff's and Roth's commencement of these proceedings is so lacking in merit that

sanctions are warranted. Nothing submitted by Mr. Roth or Hotels and Stuff had any factual basis

or were warranted by existing law.  Rather, their actions were completely frivolous and entirely

devoid of merit. Indeed, Mr. Roth and Hotels and Stuff commenced these consolidation

proceedings in five other cases in this Distirct, and concurrently, sought consolidation separately

with the Judicial Panel on Multidistrict Litigation. The only case in which Mr. Roth represents

anybody was the original case filed against Hotels and Stuff. The other cases involve completely

unrelated defendants, many of whom have their own counsel. Thus, not only has this Plaintiff's

attorney and all the other plaintiff's attorneys been forced to review and react to Mr. Roth's

frivolous proceeding and motions, but all the other defendant's attorneys in all the other actions

have likewise been forced to become involved, as Mr. Roth obviously attempts to affect their

clients' interests, interfere with their litigation, and possibly usurp representation of their clients.

      Any attorney who multiplies the proceedings in any case unreasonably and vexatiously

may be required by the court to pay excess costs, expenses and attorneys' fees. 28 U.S.C. § 1927.

Cody v. Palmyra Park Hosp. Inc., 398 Fed.Appx. 556, 559 (11ᵗʰ Cir.2010).  The Statute

permitting the imposition of sanctions against attorneys for vexatious and unreasonable

multiplication of proceedings requires a court to find an attorney has (1) multiplied proceedings,

(2) in an unreasonable and vexatious manner, (3) thereby increasing the cost of the proceedings,

and (4) doing so in bad faith or by intentional misconduct.  In re Schaefer Salt Recovery, Inc.,

542 F.3d 90, 100 (3ʳᵈ Cir. 2008) The purpose is the deterrence of intentional and unnecessary

delay in the proceedings. Id.

      In Chambers v. NASCO, Inc., 501 U.S. 32, 50, (1991), the Supreme Court noted that "if

in the informed discretion of the court, neither the statute nor the Rules are up to the task, the

court may safely rely on its inherent power" in imposing appropriate sanctions.     For example,

Section 1927 was inadequate because it applied only to attorneys and the lower court could go

beyond the limits of this statue to sanction the party.   In Chambers, neither Fed. R. Civ. P. 11,

nor 28 U.S.C. Section 1927 warranted the imposition of sanctions.  Nonetheless, sanctions could

be imposed pursuant to the trial court's inherent power.  Among the conduct the Court deemed

sanctionable bad faith was the filing of false and frivolous pleadings and other delay tactics

which ran up litigation costs. According to the Court:

> Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. Although the "American Rule" prohibits the shifting of attorney's fees in most cases, see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141,  an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, id., at 258–259, 260, 95 S.Ct. at 1622–1623, 1623, as when the party practices a fraud upon the court, Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447, *or delays or disrupts the litigation or hampers a court order's enforcement*, Hutto v. Finney, 437 U.S. 678, 689, n. 14, 98 S.Ct. 2565, 2573, n. 14, 57 L.Ed.2d 522. Pp. 2132–2133.

Chambers, 501 U.S. at 33 (emphasis added).

**II. Attorney Roth has already been publicly reprimanded by the Disciplinary Board of the Supreme Court of Pennsylvania for the same unethical conduct he is exhibiting here.**

As shown in the attached 9/13/2016 Order, Attorney Roth has already been publicly reprimanded by the Disciplinary Board of the Supreme Court of Pennsylvania for the same unethical conduct he is exhibiting here. Specifically, this 9/13/2016 Order admonishes Mr. Roth for repeated instances of representing people in court without their consent in violation of the following Rules of Professional Conduct:

> 1. RPC 1.2(a) - A lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.
> 2. RPC 1.7(a) - A lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if the representation of one client will be directly adverse to another client.
> 3. RPC 8.4(d) - It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

Mr. Roth has offered no indication that he consulted with any of the other Defendants in the

other actions he is seeking to consolidate here. Mr. Roth has offered no indication that he

obtained permission from any of the other Defendants in the other actions he is seeking to

consolidate here. Accordingly, he is once again violating the same Rules of Professional Conduct

as he had done previously.

Given Mr. Roth's pattern of unethical behavior, not only should Mr. Roth and Hotels and

Stuff be required to compensate for the fees and costs of Plaintiff's attorneys, they should also be

required to compensate the attorneys of all the other defendants.

Respectfully submitted,


By: */s/ Tristan W. Gillespie*
Thomas B. Bacon, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com