## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAIM SARWAR,<br>Plaintiff,<br>v.<br>HOTELS AND STUFF, INC., et al,<br>Defendants. | No. 2:20-cv-01393 CB |
| DEBORAH LAUFER,<br>Plaintiff,<br>v.<br>TRIBHUVAN REAL ESTATE LP,<br>Defendant | No. 2:20-cv-01188-MRH |
| SAIM SARWAR,<br>Plaintiff,<br>v.<br>MOHAMMAD,<br>Defendant, | No. 2:20-cv-01391-NR |
| SAIM SARWAR,<br>Plaintiff,<br>v.<br>MILLENIUM HOTELS INC.,<br>Defendant. | No. 2:20-cv-01469-RJC |
| DEBORAH LAUFER,<br>Plaintiff,<br>v.<br>KOVAKEN LLC,<br>Defendant. | No. 3:20-cv-0177-RJC |
| SAIM SARWAR,<br>Plaintiff,<br>v.<br>BEIDMAN, et al,<br>Defendants. | No. 3:20-cv-00210 SLH |

**MOTION BY:** Plaintiff

**RELIEF REQUESTED:** An Order striking Attorney Roth's Reply or to permit Sur-Reply

**BASIS FOR RELIEF REQUESTED:** Federal Rule of Civil Procedure 12(f)2.

**SUPPORTING PAPERS:** Memorandum of Law in Support of Motion to Strike

**DATE AND TIME:** To be determined by this Court

Dated: November 18, 2020

By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel: 404.276.7277
gillespie.tristan@gmail.com

*Attorneys for Plaintiff*

**Plaintiff's Memorandum of Law to Strike Attorney Roth's[1] Reply or in the Alternative for Leave of Court to File a Surreply to his Reply Attempting to Justify its Motion to Consolidate**

**PRELIMINARY STATEMENT**

Plaintiff, by undersigned counsel, respectfully requests that Attorney John Allen Roth's Reply in support of his Motion to Consolidate be stricken from the record. Alternatively, Plaintiff requests leave to file a surreply to his Reply. Plaintiff respectfully submits that a surreply is necessary because Roth's reply brief raised two new arguments that he did not raise in his original Motion to Consolidate which are not responsive to the issues raised by Plaintiffs in their Opposition to same. Many of Roth's arguments contain misstatements and distortion of the facts that mischaracterize the nature of Plaintiff's

---

[1] Attorney John Allen Roth previously represented Defendant Hotels and Stuff in the above-captioned case. That case has been dismissed. Accordingly, Mr. Roth has no standing in any of the above-captioned cases and is merely acting on his own behalf with unknown/ highly-suspect motives. His continued pursuit of this consolidation action is both vexatious and wasteful of the time and energy of all parties.

response brief. Mr. Roth's Reply raises two new arguments that cannot go unrebutted, and further, those arguments were not made in his original Motion to Consolidate.

## INTRODUCTION

Roth filed his reply on 11/05/2020 in support of his motion to consolidate. Instead of limiting his reply brief to those arguments set forth in Plaintiffs' opposition, Roth set forth the following, predominantly unsupported (and unsupportive), new arguments for the first time that:

1. "Many" courts around the United States are taking control of these lawsuits by assigning them to a single judge.
2. The interests of class representatives or class counsel do not always align with the interests of absent class members, and prior to certification class members may not know their claims are in litigation or that settlement negotiations are taking place.

In support of these new arguments, Roth cited the following cases for the first time in his reply brief: Laufer v. Mann Hospitality, 20-cv-620 (W.D.Tx. Sept. 30, 2020); Laufer v. Lily Pond LLC C Series, 3: 2020-cv-0617 (W.D.Wisc.), In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 435 (3d Cir. 2016); and In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 788 (3dCir. 1995). These new arguments which Roth is raising for the first time in his reply are arguments that could have and should have been raised in his initial motion to consolidate, thereby allowing the Plaintiff the opportunity to respond. Roth's untimely introduction of these issues is procedurally improper and unfair to Plaintiff. Further, Roth grossly misstates the allegations in the complaint.

Accordingly, Plaintiff respectfully requests that this Court strike the new arguments, or in the alternative, grant Plaintiff leave to file a surreply to address Roth's newly raised arguments.

**ARGUMENT**

"Surreplies may be permitted when the moving party would be unable to contest matters presented to this Court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003,aff'd, 85 Fed.Appx. 960) (4th Cir. 2004). It is well settled that new arguments cannot be made for the first time in a reply brief. See Lentini v. California Center for the Arts, 370 F.3d 837, 843 n.6 (9th Cir. 2004); Jones v. Deja Vu, No. 05-0997, 2005 WL 1629941 (N.D. Cal. July 6, 2005). For this reason, this Court should disregard Roth's untimely arguments. See also, Contratto v. Ethicon, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) (striking new evidence submitted with reply papers and characterizing "the Defendant's attempt to introduce new evidence in connection with their reply papers [as] improper"). If this Court chooses to consider Roth's new arguments, Plaintiff is entitled to respond fully to those arguments by way of full briefing on each of these issues. Clark v. Mason, No. C04-1647C, 2005 WL 1189577 (W.D. Wash. May 19, 2005). See also, Qiu v. Chertoff, No. C07-0578, 2007 WL 1831130 (N.D. Cal. June 25, 2007) ("[T]he Court declines to consider an argument raised for the first time in the reply brief because to do so would deprive [plaintiffs] of an opportunity to respond.").

Accordingly, this Court should strike these arguments and refuse to consider them in evaluating Roth's Motion to Consolidate.

**CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests entry of an order striking Roth's Reply. Alternatively, Plaintiff respectfully requests leave to file a surreply in order to correct Roth's misstatements.

Dated: November 18, 2020

By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel: 404.276.7277
gillespie.tristan@gmail.com

*Attorneys for Plaintiff*